✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA

V.

KIRK CODRINGTON
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:99 cr 116

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

(1) There is probable cause to believe that the defendant has committed an offense
  - for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence X a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
Date

*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:99 cr 116

**UNITED STATES OF AMERICA,**

Vs.                                                                    **ADDENDUM TO**
                                                                       **DETENTION ORDER**

**KIRK CODRINGTON.**

_____

**I.   FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)**  the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.                                 FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance. The defendant received a sentence on October 3, 2000 for possession with intent to distribute a quantity of cocaine base, a schedule II controlled substance. It is alleged in the petition that the defendant has violated terms and conditions of supervised release by possessing cocaine again and committing the criminal offense of possession of cocaine in Shelby County, Ohio. This conviction occurred during the period of supervised release. As a result, the undersigned finds that both the base charge and the allegation of violation involve a controlled substance.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. Documents in the court file show that the defendant was convicted of possession of cocaine in Shelby County, OH during the period of supervised release. Evidence was also presented which showed the defendant failed to tell his probation officer of his arrest.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in Buncombe County, NC, he has had employment. He has had a long length of residence in the Buncombe County community. In regard to the defendant's criminal history, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Resisting an officer | 09/02/94 |
| Resisting an officer | 07/20/95 |
| No operators license | 06/08/95 |
| No operators license | 03/26/96 |
| No operators license, providing fictitious information to a law enforcement officer | 11/27/95 |
| No operators license, fictitious information to an officer | 11/27/95 |
| No operators license | 10/31/95 |
| Resisting an officer | 03/26/96 |
| Resisting an officer | 03/26/96 |
| Possession of a schedule II controlled substance | 09/11/96 |
| Driving while license revoked | 04/11/97 |
| Second degree trespass, resisting an officer | 04/11/97 |
| Resisting an officer | 05/29/98 |
| Driving while license revoked, providing fictitious information to a law enforcement officer | 05/29/98 |

| | |
|---|---|
| Disorderly conduct | 12/02/99 |
| Possession with intent to distribute a quantity of cocaine base, 2 counts | |
|    United States District Court | 10/03/00 |
| Possession of cocaine, trafficking in cocaine, OH | Spring 2008 |

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a period of supervised release when he is alleged to have violated the terms and conditions of release by being convicted of another criminal offense and by absconding from supervision.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant now has four felony convictions concerning the possession of either cocaine or cocaine base. One in Buncombe County, North Carolina Superior Court; two convictions for felonies in the United States District Court for the Western District of North Carolina and now another conviction in Shelby County, OH. While the defendant was serving a period of supervised release, as a result of two felony convictions in Federal Court, he again committed a felony criminal offense involving the possession of a controlled substance, that being cocaine. These convictions along with the repeated convictions of the defendant for resisting a public officer are clear and convincing evidence to the undersigned that the release of the defendant would create a risk of harm or danger to any other person or the community.

The undersigned further finds by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant absconded from supervision. He was released on bond from the charges in Shelby County, OH and he then met with his supervising federal probation officer on February 8, 2008 and did not advise her of his arrest. His supervising probation officer only became advised of the arrest on March 18, 2008 when she was contacted by the Shelby County, OH prosecutor. The prosecutor advised the defendant's probation officer that the defendant was in possession of 114.5 grams of cocaine when he was arrested. The undersigned finds by a preponderance of the evidence that the defendant might not flee Buncombe County, NC but he would secrete himself from his probation officer and from law enforcement officers.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

    Signed: July 29, 2009

    _Dennis L. Howell_
    Dennis L. Howell
    United States Magistrate Judge